**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3144
_____

LA'KEYA KEO
                    Appellant

v.

WELLSPAN YORK HOSPITAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1:24-cv-01789)
District Judge: Honorable Karoline Mehalchick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2026
Before:   HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 24, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant La'Keya Keo appeals from the District Court's dismissal of her

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

second amended complaint. For the reasons that follow, we will affirm the District Court's judgment, with one modification.

In 2024, Keo initiated this federal action against WellSpan York Hospital. She amended her complaint twice, ultimately raising: (1) discrimination claims under Title VII stemming from her termination from WellSpan in 2012, and (2) state law claims based on medical care she received at WellSpan in 2024. After granting Keo leave to proceed in forma pauperis and screening her complaint, the District Court adopted a Magistrate Judge's report and recommendation and dismissed Keo's complaint with prejudice. Keo timely appealed.[1]

The District Court concluded that Keo's Title VII claims were time-barred, as she alleged that she experienced employment discrimination more than a decade before she filed her federal complaint and did not address whether she ever filed a complaint with the EEOC or received a right-to-sue notice. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) ("To bring suit under Title VII, a claimant in . . . Pennsylvania . . . must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice."); 42 U.S.C. § 2000e-5(f)(1) (providing that a federal complaint must be filed within 90 days of receipt of a right-to-sue letter from the EEOC). Keo does not challenge the District Court's conclusion or otherwise address the

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Keo's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

timeliness of her Title VII claims in her opening brief. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

The District Court lacked jurisdiction over Keo's remaining state law claims. There was no basis for diversity jurisdiction as the parties are not diverse. *See* 28 U.S.C. § 1332(a); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Keo's factual allegations about her medical care in 2024 do not share a common nucleus of operative fact with her Title VII claims from 2012 that would have allowed the District Court to exercise supplemental jurisdiction over them. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) ("[A] district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction.") (citation omitted); *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 303 (3d Cir. 1998) (explaining that "§ 1367 does not permit courts to take jurisdiction over tangentially related claims").

Allowing Keo an opportunity to file a third amended complaint would have been futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). However, because the District Court's dismissal of Keo's state law claims for lack of subject matter jurisdiction should have been a dismissal without prejudice, we modify the District Court's order, in part, to dismiss Keo's state law claims without prejudice. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d

3

234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice").

We will affirm the District Court's dismissal as modified.[2]

---

[2] We deny appellee's motion to attach an exhibit to its brief, as we cannot consider documents for the first time on appeal that were not a part of the record in the District Court. *See* Fed. R. App. P. 10(a), 30(a). We construe Keo's "motion to appeal" as a document in support of her appeal and have reviewed it.

4